IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDWARD B. JENNINGS, ) | |
| AIS # 164258, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:25-CV-225-WKW |
| ) | [WO] |
| THE STATE OF ALABAMA and ) | |
| TALLAPOOSA COUNTY CIRCUIT ) | |
| COURT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Edward B. Jennings, who is in the custody of the Alabama Department of Corrections, filed this *pro se* complaint under 42 U.S.C. § 1983 against the State of Alabama and the Tallapoosa County Circuit Court.[1] (Doc. # 1 at 1, 3.) Based upon careful consideration, Plaintiff's claims must be dismissed prior to service of process pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2).

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Plaintiff signed and dated his § 1983 complaint "3-14-25." (Doc. # 1 at 4.)

## I.  STANDARD OF REVIEW

Plaintiff, a prisoner, is proceeding *in forma pauperis* (IFP).  (Doc. # 8.)  Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review.  Because Plaintiff is seeking redress from a state and its entity, the complaint also is subject to screening under § 1915A.  Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[2]

A complaint is subject to dismissal under § 1915(e)(2)(B)(i)–(ii) and § 1915A(b)(1) "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law."  *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.  Such claims include those where "it is clear that the defendants are immune from suit and claims of

---

[2] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical).  Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

2

infringement of a legal interest which clearly does not exist." *Id.* (citation omitted); *see also Selensky v. Alabama*, 619 F. App'x 846, 848 (11th Cir. 2015) (per curiam) (affirming dismissal of a prisoner's 42 U.S.C. § 1983 complaint as frivolous under § 1915(e)(2)(B)(i) where the Eleventh Amendment prevented the lawsuit).

Furthermore, *pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II.  THE COMPLAINT'S ALLEGATIONS

The complaint's allegations, construed favorably to Plaintiff, set forth the following. On May 18, 2022, Plaintiff was sentenced in the Circuit Court of Tallapoosa County, Alabama, to concurrent 12-month sentences for convictions for second-degree possession of marijuana and possession of drug paraphernalia. (Doc. # 1 at 3; Doc. # 1-1 at 1.) Plaintiff claims that his property, specifically $1,760.00, was seized unlawfully without a "forfeiture[-]seizure" hearing as required by Alabama Code § 20-2-93. (Doc. # 1 at 3–4.) He filed a motion for the return of his property, which was denied on September 12, 2022. (Doc. # 1-2 at 1.)

Plaintiff also has submitted the Tallapoosa County Circuit Court's Order of Summary Judgment, entered in the related action on December 22, 2022. In that Order, after finding that Plaintiff had failed to appear or answer, the court ordered: "$1,670.00 is condemned and forfeited to the Tallapoosa County Narcotics Task Force."[3] (Doc. # 1-1 at 3, ¶ 5.)

Plaintiff contends that the State of Alabama and the Circuit Court of Tallapoosa County have deprived him of his property "without due process." (Doc. # 1-3 at 2; Doc. # 1 at 1, 3.) He seeks a state-court hearing, the return of his unlawfully seized property, punitive damages, and compensation for mental anguish. (Doc. # 1 at 4; Doc. # 1-3 at 2.)

### III. DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

---

[3] The Order of Summary Judgment recognized that "$1760.00 in U.S. Currency was used and intended to be used to facilitate narcotics transactions, or was derived from narcotics transactions." (Doc. # 1-1 at 3, ¶ 4.) The Order then, however, ordered "$1,670.00 . . . condemned and forfeited to the Tallapoosa County Narcotics Task Force." (Doc. # 1-1 at 3, ¶ 5.)

### A. State of Alabama's Status Under § 1983: Not a "Person" and Possesses Eleventh Amendment Immunity

The State of Alabama cannot be held liable in a lawsuit brought under § 1983 for two independent reasons. First, the State of Alabama is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Second, the Eleventh Amendment insulates a state from suit unless the state has expressly waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 100 (1984), or Congress has abrogated the immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (per curiam) (citing *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)).

Because the State of Alabama is not considered a "person" under § 1983 and is protected by Eleventh Amendment immunity, all claims against it must be dismissed with prejudice. The claims are subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1), as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Additionally, the claims must be dismissed because they "seek[] monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(iii); § 1915A(b)(2).

**B.     Tallapoosa County Circuit Court's Status Under § 1983:  Not a "Person" and Possesses Eleventh Amendment Immunity**

Plaintiff's 42 U.S.C. § 1983 claims against the Tallapoosa County Circuit Court suffer the same fate.  First, like the State of Alabama, its arms (or agencies) are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Alabama v. Pugh*, 438 U.S. 781, 781 (1978) ("[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies.").  Alabama's circuit courts are integral components of the State of Alabama's judicial branch.  *See Smiley v. Mobile Cnty. Cir. Ct.*, 2017 WL 629464, at *2 (S.D. Ala. Jan. 18, 2017), *R. & R. adopted*, 2017 WL 628611 (S.D. Ala. Feb. 15, 2017).  "As a fundamental part of the judicial branch of the Alabama state government, the [Tallapoosa] County Circuit Court stands as an arm of the State of Alabama and, therefore, does not constitute a 'person' within the meaning of 42 U.S.C. § 1983."  *Steward v. Johnson*, 2023 WL 12138150, at *1 (N.D. Ala. Dec. 21, 2023), *R. & R. adopted*, 2024 WL 6829301 (N.D. Ala. Feb. 13, 2024); *see also Teal v. Russell Cnty. Cir. Ct.*, 2020 WL 1943199, at *3 (M.D. Ala. Mar. 23, 2020) (finding that Russell County Circuit Court is not a person subject to suit under § 1983), *R. & R. adopted*, 2020 WL 1942765 (M.D. Ala. Apr. 22, 2020).

Second, a state's Eleventh Amendment immunity extends to its arms.  *Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir. 1985).  Therefore, the Tallapoosa County

Circuit Court, as an arm of the State of Alabama, is entitled to Eleventh Amendment immunity.

Because the Tallapoosa County Circuit Court is not considered a "person" under § 1983 and is protected by Eleventh Amendment immunity, all claims against it must be dismissed with prejudice.  The claims are subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1), as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Additionally, the claims must be dismissed because they "seek[] monetary relief against a defendant who is immune from such relief."   §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

## C.     Futility of Amending the Complaint

Generally, the district court provides a *pro se* prisoner with at least one opportunity to amend his complaint.  See *Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (per curiam).  However, a district court is not required to allow an amendment if it would be futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)).  An amendment is considered futile, if the complaint, as amended, "would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510 F.3d at 1310).  Because neither the State of Alabama nor the Tallapoosa County Circuit Court can be sued under 42

7

U.S.C. § 1983 based on these or any allegations, any amendment to the complaint would be futile. Therefore, leave to amend will not be granted.

In denying leave to amend, the court has considered the allegations and exhibits referencing two state circuit court judges who entered orders in Plaintiff's cases concerning the forfeiture of the money. (Doc. # 1 at 3; Doc. # 1-1; Doc. # 1-2.) It is unclear if Plaintiff intends to hold these judges liable under § 1983. If so, those claims would be dismissed, as these judges are protected by absolute judicial immunity, rendering any amendment futile regarding these potential defendants.

A state circuit court judge is shielded by absolute judicial immunity from lawsuits under § 1983 "for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018); *see also Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (per curiam) ("Congress, in enacting section 1983, did not intend to abolish the doctrine of judicial immunity in cases alleging state deprivation of federal constitutional rights."). Judicial immunity applies when the judge (1) "deal[t] with the plaintiff in his judicial capacity" and (2) did not act in the "clear absence of all jurisdiction." *Dykes*, 776 F.2d at 945 (cleaned up); *accord Wash. Mut. Bank v. Bush*, 220 F. App'x 974, 975 (11th Cir. 2007) (per curiam). Absolute judicial immunity applies "regardless of whether [the judge] made a mistake, acted maliciously, or exceeded his authority." *McCullough*, 907 F.3d at 1331.

The first requirement for judicial immunity is satisfied on the allegations because the state circuit court judges acted within their judicial roles when issuing orders related to sentencing and the forfeiture of money.  The second requirement is met because the circuit court had subject matter jurisdiction, enabling the judges to rule on state criminal and related forfeiture matters.  Therefore, any potential claims against the state circuit court judges would be dismissed, as they would rest "on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## IV.  CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's 42 U.S.C. § 1983 claims against the State of Alabama and the Tallapoosa County Circuit Court are DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2).

Final judgment will be entered separately.

DONE this 2nd day of December, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE